**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-6781**

DMITRY PRONIN,

        Plaintiff - Appellant,

     v.

SHERIFF J. AL CANNON, JR.; JACOBS; STEPHANIE SINGLETON; M. MARSILLO; J BOWEN; T M. EVANS; EVANS; SMITH; K. RICHARDSON,

        Defendants - Appellees.

Appeal from the United States District Court for the District of South Carolina, at Orangeburg. David C. Norton, District Judge. (5:19-cv-00594-DCN)

Submitted: December 12, 2019           Decided: December 17, 2019

Before GREGORY, Chief Judge, MOTZ, Circuit Judge, and SHEDD, Senior Circuit Judge.

Dismissed and remanded with instructions by unpublished per curiam opinion.

Dmitry Pronin, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dmitry Pronin appeals from the district court's order adopting the report and recommendation of the magistrate judge and dismissing his complaint without prejudice for failure to state a claim. Finding that the district court's order is interlocutory, we dismiss the appeal.

In his 42 U.S.C. § 1983 (2012) complaint, Pronin, a South Carolina prisoner, alleged that he experienced various unconstitutional conditions of confinement. The magistrate judge found that Pronin's allegations fell short of pleading a constitutional violation. Thus, the court permitted Pronin to file an amended complaint. Pronin filed an amended complaint, which the magistrate judge recommended dismissing without prejudice for failure to state a claim. The district court adopted the recommendation.

We may exercise jurisdiction only over final orders, 28 U.S.C. § 1291 (2012), and certain interlocutory and collateral orders, 28 U.S.C. § 1292 (2012); Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-46 (1949). An order dismissing a complaint without prejudice is not an appealable final order if "the plaintiff could save his action by merely amending his complaint." *Domino Sugar Corp. v. Sugar Workers Local Union 392*, 10 F.3d 1064, 1066-67 (4th Cir. 1993). "[I]f the grounds of the dismissal make clear that no amendment could cure the defects in the plaintiff's case, the order dismissing the complaint is final in fact and therefore appealable." *Goode v. Cent. Va. Legal Aid Soc'y*, 807 F.3d 619, 623 (4th Cir. 2015) (internal quotation marks omitted). In determining whether a dismissal without prejudice is appealable, we examine the facts of each case. *Id.* at 623-24. In reaching these case-specific determinations, "[w]hat makes

2

[dismissals without prejudice] final or nonfinal is not the speculative possibility of a new lawsuit, but that they 'end the litigation on the merits and leave nothing for the court to do but execute the judgment.'" *GO Comput., Inc. v. Microsoft Corp.*, 508 F.3d 170, 176 (4th Cir. 2007) (quoting *MDK, Inc. v. Mike's Train House, Inc*., 27 F.3d 116, 119 (4th Cir. 1994)).

Our review of the record does not convince us that amendment would be futile. *See Martin v. Duffy*, 858 F.3d 239, 247-48 (4th Cir. 2017) (stating that, since "district courts have thrice concluded that Martin has been unable to allege sufficient facts to establish a viable claim under the Equal Protection Clause, we find that Martin's pleading deficiency cannot be cured by amendment of his complaint"), *cert. denied*, 138 S. Ct. 738 (2018). Accordingly, under *Goode*, the order is not a final, appealable order. Thus, we dismiss the appeal for lack of jurisdiction and remand with instructions to either provide Pronin another opportunity to amend and/or clearly indicate that further amendments would not cure the complaint's defects and that the dismissal is, thus, with prejudice. We dismiss Pronin's motion to dismiss a party. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED AND REMANDED WITH INSTRUCTIONS*